**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4549**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CORTESE TRAMAND DAVIS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:15-cr-00136-BO-1)

_____

Submitted:  March 26, 2020                          Decided:  April 7, 2020

_____

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cortese Tramand Davis pled guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018), and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2018). On appeal, Davis argues that Hobbs Act robbery does not qualify as a crime of violence under § 924(c). Finding no error, we affirm.

"We review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir.), *cert. denied*, 140 S. Ct. 639 (2019), *and cert. denied*, 140 S. Ct. 640 (2019). A crime of violence for § 924(c) purposes is defined as:

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3).

We previously declared that the residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). However, we have held that Hobbs Act robbery qualifies as a crime of violence under the force clause. *Mathis*, 932

F.3d at 266.  Accordingly, the district court did not err in rejecting Davis' arguments to the contrary.[*]

Thus, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Davis also filed a motion for leave to file a supplemental brief to raise a claim under § 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  We denied his motion and instead held this case in abeyance for *United States v. Jordan*, _ F.3d _, _, No. 17-4751, 2020 WL 1022420, at *8-10 (4th Cir. Mar. 3, 2020), in which we held that the First Step Act does not apply to cases that were pending on appeal when Congress passed the First Step Act.